UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINCY MAGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 24-2968 (UNA) |
| v. | ) |
| | ) |
| REPUBLIC OF HAITI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Quincy Magee's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and, for the reasons discussed below, will dismiss this case without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that "lacks an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and Mr. Magee's complaint falls squarely into this category.

Mr. Magee sues the Republic of Haiti, Wyclef Jean, "the Joseph family and others," and Rutgers University, alleging that they "conspired to attempt to defraud and extort [him] for money at Sony Music Entertainment and Universal Music Group beginning in 2002." ECF No. 1, at 2, 4. He cites broadly to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*, without any analysis relating thereto, and alleges, without explanation, that Defendants committed various federal crimes, including marriage fraud, interference with commerce by threats of violence and

assaulting, resisting, and impeding certain officers or employees. *See* ECF No. 1, at 3. He demands $141 million in damages and equitable relief. *Id.* at 4.

A court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

Furthermore, even if Mr. Magee's claims were cognizable, his reliance on federal criminal statutes is unavailing, because they do not create a private right of action. *See, e.g.*, *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015); *Prunte v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[T]he Supreme Court has refused to imply a private right of action in a bare criminal statute." (internal quotation marks omitted)).

For these reasons, the court will dismiss the complaint, ECF No. 1, and this case without prejudice. A separate order accompanies this Memorandum Opinion.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 17, 2024